**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **FLORIDA RSA #8, LLC d/b/a** ) | |
| **U.S. CELLULAR,** ) | |
| **a Delaware limited liability company,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1964MLM |
| ) | |
| **CITY OF CHESTERFIELD, MISSOURI,** ) | |
| **a Missouri political subdivision,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the Motion for Reconsideration filed by Plaintiff Florida RSA #8, LLC, d/b/a U.S. Cellular ("U.S. Cellular"). Doc. 23. Defendant City of Chesterfield (the "City") has filed a Response. Doc. 28. U.S. Cellular has filed a Reply. Doc. 29.

By Memorandum Opinion dated February 15, 2006, this court denied U.S. Cellular's Motion for Partial Summary Judgment. Doc. 21. In its Motion for Partial Summary Judgment U.S. Cellular contended that by denying its application to place the Antenna at issue on the rooftop of the Drury Inn that the City violated the Telecommunications Act, 47 U.S.C. § 332(c)(7)(B)(iii), which prohibits discrimination among providers of "functionally equivalent" wireless service facilities. U.S. Cellular argued that the City's ordinances do not require that the enabling ordinance which created the "PC" Planned Commercial District for Drury Plaza in which the Drury Inn is located include antennae as a permitted use and that, as such, the enabling ordinance for Drury Plaza need not be amended before the Antenna at issue may be placed on the rooftop of the Drury Inn. U.S. Cellular further argued that

the City's decision which denied U.S. Cellular's application to place the Antenna on the Drury Inn's rooftop was not supported by substantial evidence as required by § 332 because the City's Director of Planning does have authority to grant Administrative Zoning Approval for the Antenna; because antennae are a permitted use in "PC" Planned Commercial Districts; and because the Antenna need not be specified as a permitted use in the relevant enabling ordinance which created the "PC" Planned Commercial District for Drury Plaza. The City argued that its Director of Planning does not have authority to grant Administrative Zoning Approval for the Antenna and that the relevant enabling ordinance must be amended before the City can consider U.S. Cellular's application to place the Antenna on the roof of the Drury Inn.

This court concluded that § 332(c)(7)(B)(iii) of the Telecommunications Act is controlling regarding the City's denial of U.S. Cellular's application to place a wireless telecommunications antenna on the rooftop of the Drury Inn. Pursuant to this conclusion the court considered whether the City's denial of U.S. Cellular's Application has at least some weight under the City's ordinances and/or State law. After examining the City's ordinances and applicable State law, the court concluded that it did. The court concluded, among other things, that the Director does not have authority to grant Administrative Zoning Approval for a new antenna in a "PC" Planned Commercial District which antenna is not included as a permitted use in the relevant enabling ordinance. The court acknowledged that while § 1003.167.19(3)(a) states that antennae are a permitted use in all zoning districts, the specific provision of § 1003.140.4(2) requiring that an enabling ordinance for a "PC" Planned Commercial District include a permitted use trumps § 1003.167.19(3) and that, therefore, the enabling ordinance for Drury Plaza must specifically include an antenna as a permitted use. The court further concluded that its interpretation of the applicable regulations is consistent with

2

the City's regulatory scheme which is designed to facilitate commercial development under approved site development plans.

In its Motion for Reconsideration Plaintiff addresses the meaning of the relevant City Ordinances including § 1003.167.19(3)(a) and § 1003.140.4(2) of the Zoning Code when these provisions are considered together. U.S. Cellular addresses the language in §1003.167.19(3)(a) which states that "Antenna shall be a permitted use in all zoning districts" and argues that this provision establishes the authority for the Director of Zoning to give approval for the placement of the Antenna. U.S. Cellular also argues that despite the fact that the relevant enabling ordinance does not include antennae as a permitted use and despite the procedures set forth in § 1003.167.19(5) of the City's Zoning Code, the enabling ordinance need not be amended to include the Antenna; the Antenna is automatically a permitted use within the enabling ordinance because of the general language of § 1003.167(3) which provides that antennae are a permitted use in all zoning districts. As set forth above, the court addressed in its Memorandum Opinion all of these issues raised by U.S. Cellular in its Motion for Reconsideration. As it did in its Motion for Partial Summary Judgment, U.S. Cellular, in effect, urges that §1003.167(3)(a) be considered in a vacuum rather than as a part of the relevant regulatory schemes.

In its Motion for Reconsideration U.S. Cellular suggests that in the event Drury seeks to amend the enabling ordinance for Drury Plaza the City has no authority to deny the request because antennae are a permitted use in all zoning districts according to § 1003.167.19(3). Doc. 29 at 3. The court has addressed this issue as its Memorandum Opinion makes it clear that an enabling ordinance must include antennae before antennae can be a permitted use within the "PC" Planned Commercial District; there is no right to have an antenna within a zoning district; the City's procedures must be

3

followed. Also, the City makes the valid point in its Response to U.S. Cellular's Motion for Reconsideration that pursuant to U.S. Cellular's interpretation of the City's regulatory scheme, bait shops, kennels, riding stables, and sewage treatment facilities would be available as a matter of right in a "PC" Planned Commercial District because they likewise are included in § 1003.140.4(2) as permitted uses in such a district. Such an interpretation would nullify the purpose of the City's zoning scheme as it would eliminate the City's control over land uses within a zoning district once that district was established.

In its Motion for Reconsideration U.S. Cellular fails to point out any matter not considered by the court pursuant to U.S. Cellular's Motion for Partial Summary Judgment. Additionally, U.S. Cellular fails to suggest a basis upon which the court should alter its interpretation of the applicable regulations and law. The court finds, therefore, that U.S. Cellular's Motion for Reconsideration should be denied.

Also, in its Motion for Reconsideration U.S. Cellular states that it "challenges [the City] to outline in its Response to this Motion for Reconsideration which procedures under Section 1003.167.19(5) would entitled Plaintiff to its permit even if the antenna is listed as a permitted use in Ordinance 2173." Doc. 23 at 6. U.S. Cellular further requested that the court order the City to amend its procedural provisions to provide for administrative approval of the Antenna. Doc. 23 at 6-7. The court noted in its Memorandum Opinion that the City's Regulations do not make clear the procedures which are applicable to approval of the placement of an antenna once the enabling ordinance is amended to include the Antenna as a permitted use. The court also noted, however, that issues relevant to procedure applicable under circumstances are not before this court. Doc. 21 at 17 n.11. As such, the City was not required to respond to Plaintiff's challenge. In its Response to the

4

Motion for Reconsideration, however, the City did take the position that once the relevant enabling ordinance is amended to include the Antenna as a permitted use the City's Director of Planning may exercise his or her discretion to grant an Application for Administrative Zoning Approval. Acknowledging this position of the City, U.S. Cellular has stated in its Reply that it is withdrawing its request that the court order the City to amend its procedural provisions.[1] Doc. 29 at 2.

Accordingly,

**IT IS HEREBY ORDERED** that U.S. Cellular's Motion for Reconsideration is **DENIED**. [Doc. 23]

/s/ Mary Ann L. Medler
MARY ANN L.MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of March, 2006.

---

[1] The court notes that the City's form for requesting Administrative Approval of the Placement of Communications Antennae and Support Structures is not clear on this point. Doc. 6, Ex. 6. The City, perhaps, should consider amending this form to avoid future problems such as those which have arisen in the matter under consideration.